1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   SUSI McFARLAND,                    No.  2:12-CV-02778-JAM-CKD

12              Plaintiff,              **ORDER DENYING DEFENDANT'S**
                                        **PETITION TO COMPEL ARBITRATION**
13        v.

14   ALMOND BOARD OF CALIFORNIA,
     et al.,
15
                Defendants.
16

17        This matter is before the Court on Defendant Almond Board of

18   California's ("ABC") Petition to Compel Arbitration (Doc. ## 9-

19   10).[1]  Defendant Tim Birmingham joins in ABC's Petition (Doc. #

20   14) (Defendants ABC and Birmingham are collectively referred to

21   as "Defendants").  Plaintiff Susi McFarland ("Plaintiff") opposes

22   the petition (Doc. # 17).

23   ///

24   ///

25   ///

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   originally scheduled for April 3, 2013.

                                        1

1                         I.    BACKGROUND

2          This case arises from Plaintiff's claims that ABC violated

3   state and federal discrimination law during her employment.

4   Plaintiff began working for ABC on August 8, 2011.  On the same

5   day, she signed a "Confirmation of Receipt."  Waycott Decl. Ex.

6   A.  The Confirmation of Receipt is a one page document that

7   refers to the ABC employee handbook and clarifies the nature of

8   the employment relationship between Plaintiff and ABC.  The

9   Confirmation of Receipt made it clear that "any and all policies

10  or practices [related to Plaintiff's employment could] be changed

11  at any time by the ABC," the employment relationship was at-will,

12  and the parties agreed to binding arbitration in accordance with

13  the policy elucidated in the ABC employee handbook.  Id.

14         The ABC arbitration policy requires arbitration of all

15  claims between ABC and its employees except for claims related to

16  1) workers' compensation, 2) unemployment insurance, and

17  3) violations of trade secret laws.  Id.  The policy also allows

18  for discovery, the application of substantive federal and state

19  law, and indicates that ABC will bear the costs of arbitration.

20  Waycott Decl. Ex. B.  Both the Confirmation of Receipt and the

21  handbook clearly state that the parties are waiving their rights

22  to a jury trial.  The handbook states that the arbitration policy

23  is a non-negotiable condition of employment and continued

24  employment.  Id.

25         In the present petition, Defendants contend that this

26  lawsuit should be stayed and referred to binding arbitration

27  pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3,

28  and California Code of Civil Procedure § 1280, et seq.  This

1  Court has subject matter jurisdiction over this case pursuant to

2  28 U.S.C. § 1331.

3

4                            II.  OPINION

5      A.  Legal Standard

6      The Federal Arbitration Act specifies that arbitration

7  provisions are valid and enforceable, representing "a liberal

8  federal policy favoring arbitration, and the fundamental

9  principle that arbitration is a matter of contract."  AT&T

10 Mobility LLC v. Concepcion, 131 S. Ct. 1740, 14-46 (2011)

11 (quotations and citations omitted).  The FAA applies to

12 employment contracts.  Circuit City Stores, Inc. v. Adams, 532

13 U.S. 105, 119 (2001).  Section 4 of the FAA allows a party to an

14 arbitration agreement to petition a district court for an order

15 directing arbitration.  9 U.S.C. § 4.  Arbitration provisions in

16 employment contracts must therefore be enforced according to

17 their terms, unless a savings clause in 9 U.S.C. § 2 applies.

18     The savings clause in § 2 requires enforcement of

19 arbitration agreements "save upon such grounds as exist at law or

20 in equity for the revocation of any contract."  9 U.S.C. § 2.

21 The clause "permits agreements to arbitrate to be invalidated by

22 generally applicable contract defenses, such as fraud, duress, or

23 unconscionability, but not by defenses that apply only to

24 arbitration or that derive their meaning from the fact that an

25 agreement to arbitrate is at issue."  Concepcion, 131 S. Ct. at

26 1746.  The California analog to the FAA, the California

27 Arbitration Act, operates under an identical legal standard.

28 Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th

                                    3

1  83, 97-98 (2000).

2       B.   <u>Discussion</u>

3       Defendants petition the Court for an order compelling

4  arbitration based on the arbitration agreement contained in ABC's

5  employee handbook and Plaintiff's agreement to that provision via

6  her signature on the Confirmation of Receipt.  They argue that

7  the arbitration agreement is valid, binding, and applicable to

8  all of Plaintiff's claims in this suit.  They additionally argue

9  that the agreement applies to Defendant Birmingham as a non-

10  signatory.  Plaintiff concedes that she signed the Confirmation

11  of Receipt, but she argues that the arbitration agreement is

12  unenforceable because it is unconscionable.  Plaintiff

13  additionally argues that Defendant Birmingham cannot join in the

14  present petition because he is not a signatory to the agreement.

15       1.   <u>Evidentiary Objections</u>

16       ABC raises four objections (Doc. # 21) to Plaintiff's

17  declaration (Doc. # 18) and Plaintiff opposed the objections

18  (Doc. # 23).  The Court rules as follows:

19            a.   The objection to Plaintiff's statement that

20            she did not enter into an agreement with Defendant

21            Birmingham is overruled.  The parties agree that

22            Plaintiff did not enter into an agreement with

23            Defendant Birmingham, but dispute whether or not he is

24            a third party beneficiary or agent covered by the

25            arbitration agreement.  It is accordingly undisputed

26            for purposes of this motion that Plaintiff did not

27            enter into an agreement directly with Defendant

28            Birmingham.

4

1    b.    The objection to paragraph 2 of Plaintiff's
2    declaration on relevancy grounds is overruled.   The
3    paragraph is based on Plaintiff's personal knowledge
4    and details the circumstances under which she entered
5    into an employment agreement with ABC.   The paragraph
6    is therefore germane to the present motion.

7    c.    The objection to paragraph 3 of Plaintiff's
8    declaration on relevancy grounds is overruled.   The
9    paragraph is based on Plaintiff's personal knowledge
10   and is relevant to the present motion because Plaintiff
11   testifies that she did not negotiate any terms of the
12   employment agreement with ABC.

13   d.    The objection to paragraph 4 of Plaintiff's
14   declaration on relevancy grounds is overruled.   The
15   paragraph is based on Plaintiff's personal knowledge
16   and it is relevant to the present motion because it
17   details the circumstances under which she signed the
18   Confirmation of Receipt.

19   2.   Scope of Agreement

20   In opposition to Defendant's petition, Plaintiff appears to
21   argue that the agreement between the parties is limited to the
22   at-will nature of the employment contract. (Plaintiff's
23   Opposition at p. 10)  Plaintiff's position is without merit.
24   Plaintiff's claim misstates the at-will employment statement.
25   This statement is clear on its face and is not so confusing as to
26   cause Plaintiff to believe that she would not be bound by any
27   other agreement.  Moreover, The Confirmation of Receipt also
28   contains a separate reference to the arbitration agreement in all

1  capital letters just above Plaintiff's signature.  Plaintiff's

2  acknowledgement of this separate agreement clearly undermines her

3  contention that she did not enter into any agreement other than

4  to be an at-will employee.

5              3.    Unconscionability

6      Plaintiff argues that the arbitration agreement is

7  unenforceable because it is unconscionable.  The contract law of

8  the state in which an employee is employed determines whether an

9  arbitration agreement is valid under the FAA.  Circuit City

10 Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002).  In

11 this case, Plaintiff's employment occurred solely in California.

12 California contract law therefore governs the unconscionability

13 analysis for purposes of the FAA and the California Arbitration

14 Act.  Under California contract law, any contract may be

15 unenforceable if it is unconscionable.  Armendariz v. Found.

16 Health Psychcare Servs., Inc., 24 Cal. 4th 83, 113 (2000).

17 Because California's unconscionability doctrine is applicable to

18 all contracts, an unconscionable arbitration agreement may be

19 unenforceable under the FAA.  See Concepcion, 131 S.Ct. at 1746.

20 In order for a contract to be unenforceable because it is

21 unconscionable, it must be both procedurally and substantively

22 unconscionable.  Id.  The two components operate on a sliding

23 scale where greater evidence related to procedural

24 unconscionability lessens the need for evidence of substantive

25 unconscionability and vice versa.  Id.

26              a.    Procedural Unconscionability

27                    i.   Contract of Adhesion

28      Plaintiff argues that the arbitration agreement is a

6

1  contract of adhesion and therefore procedurally unconscionable

2  because it is a condition of continuing employment.

3      If a contract is one of adhesion, it is procedurally

4  unconscionable.  <u>Stirlen v. Supercuts, Inc.</u>, 51 Cal.App.4th 1519,

5  1533 (1997).  A contract of adhesion is "a standardized contract,

6  which, imposed and drafted by the party of superior bargaining

7  strength, relegates to the subscribing party only the opportunity

8  to adhere to the contract or reject it."  <u>Graham v. Scissor-Tail,</u>

9  <u>Inc.</u>, 28 Cal.3d 807, 817 (1981) (quotation omitted).  Employment

10 contracts entered into as a condition of employment with no room

11 for negotiation are contracts of adhesion and are therefore

12 procedurally unconscionable.  <u>Davis v. O'Melveny & Myers</u>, 485

13 F.3d 1066, 1075 (9th Cir. 2007) (holding that a take it or leave

14 it employment contract is one of adhesion); <u>Jones v. Humanscale</u>

15 <u>Corp.</u>, 29 Cal. Rptr. 3d 881, 892 (Ct. App. 2005) ("Defendant

16 prepared and submitted the agreement containing the arbitration

17 clause to plaintiff and required him to sign it as a condition of

18 his continued employment, thus rendering the agreement a contract

19 of adhesion."); <u>Armendariz</u>, 24 Cal. 4th at 115 ("[The contract]

20 was imposed on employees as a condition of employment and there

21 was no opportunity to negotiate.").

22     The arbitration agreement in ABC's handbook contains the

23 following language: "The Board and each of its employees agree

24 that [the arbitration agreement] is a condition of employment and

25 continued employment."  Plaintiff had no opportunity to negotiate

26 this required condition of employment, and ABC had significantly

27 greater bargaining power as the employer.  The arbitration

28 agreement is therefore part of a contract of adhesion and

1  procedurally unconscionable for that reason.

2      The cases relied on by Defendants do not compel a different

3  finding.  First, Defendants cite Oblix, Inc. v. Winiecki, 374

4  F.3d 488 (7th Cir. 2004), where the court found that a contract

5  of adhesion was not unconscionable under California law.  Id. at

6  492.  The Oblix decision, however, is not applicable to this case

7  because binding Ninth Circuit precedent interprets California law

8  differently.  See, e.g., Ingle v. Circuit City Stores, Inc., 328

9  F.3d 1165 (9th Cir. 2003).  The second case cited by Defendants

10 held that a contract of adhesion was not procedurally

11 unconscionable in the employment context.  Lagatree v. Luce,

12 Forward, Hamilton & Scripps, 74 Cal.App.4th 1105, 1126-27 (1999).

13 This case is unpersuasive because it predates the California

14 Supreme Court's decision in Armendariz, and is therefore not an

15 accurate description of California law insofar as it conflicts

16 with Armendariz.

17     The United States Supreme Court's recent holding in

18 Concepcion does not support ABC's position either.  Concepcion

19 reaffirmed that generally applicable contract defenses may be

20 applied to invalidate an arbitration agreement.  131 S.Ct. at

21 1742-43.  Accordingly, if California's unconscionability doctrine

22 is generally applicable to all contracts, then it is also

23 applicable to arbitration agreements.  California law requires

24 that the employment contract at issue, like any other contract,

25 meet certain requirements before it is found to be a contract of

26 adhesion.  California courts merely recognize, as in Armendariz,

27 that employment contracts tend to have similar characteristics

28 such as unequal bargaining power between the parties and terms

1  presented on a take-it or leave-it basis.  24 Cal. 4th at 115

2  ("[T]he economic pressure exerted by employers on all but the

3  most sought-after employees may be particularly acute . . . few

4  employees are in a position to refuse a job because of an

5  arbitration requirement . . . .").  It is true that such

6  contracts are more likely to be found to be adhesive based on

7  commonly found attributes, but it is not a foregone conclusion

8  under California law that every employment contract is adhesive;

9  nor do California courts apply special rules to employment

10  related arbitration agreements that are inapplicable to contracts

11  generally.  They simply recognize that employment contracts tend

12  to have similar characteristics and apply the unconscionability

13  doctrine accordingly, which is permissible under <u>Concepcion</u>.

14               ii.  <u>Surprise</u>

15       Plaintiff next argues that the arbitration agreement was

16  procedurally unconscionable due to surprise because it was hidden

17  in the middle of the 88 page handbook.  The Confirmation of

18  Receipt clearly explains the essential terms of the arbitration

19  agreement and directed Plaintiff to the existence of the

20  agreement in the handbook.  The Confirmation of Receipt also

21  contains the most important terms of the arbitration agreement,

22  including the waiver of right to a jury trial, which claims are

23  included and excluded from arbitration, and that arbitration is

24  mandatory and binding.  Additionally, Plaintiff testified in her

25  declaration in opposition to this motion (Doc. # 18) that she was

26  given approximately one week to review the handbook, and that she

27  backdated the Confirmation of Receipt at the request of the ABC

28  Human Resources Director.

1    Plaintiff relies on Kinney v. United Healthcare Services,

2  Inc. to support her position, but that case is inapplicable to

3  these facts.  70 Cal.App.4th 1322 (1999).  In Kinney, the

4  employer gave the employee a lengthy handbook and asked her to

5  sign a confirmation form that did not contain the essential terms

6  of the arbitration agreement the same day.  Id. at 1330.  In the

7  present case, Plaintiff testifies that she was given a week to

8  review the handbook and signed a Confirmation of Receipt that

9  clearly gave notice of the arbitration agreement.  Accordingly,

10  the arbitration agreement between ABC and Plaintiff was not

11  procedurally unconscionable due to surprise.

12                    iii.   Failure to Attach Arbitration Rules

13    Plaintiff argues that the arbitration agreement referenced

14  but did not attach a copy of the rules applicable to arbitration

15  agreements, evidencing procedural unconscionability.  ABC

16  responds that contracts commonly incorporate terms by reference,

17  and any rule prohibiting the practice for arbitration agreements

18  but not other contracts is preempted by the FAA and the holding

19  in Concepcion.

20    The case cited by Plaintiff, Sparks v. Vista Del Mar Child &

21  Family Servs., 207 Cal.App.4th 1511, 1523 (2012), stands for the

22  proposition that "the failure to provide a copy of the

23  arbitration rules to which the employee would be bound" is

24  evidence of procedural unconscionability.  Incorporation by

25  reference, however, is generally acceptable under California law.

26  Shaw v. Regents of University of California, 58 Cal.App.4th 44,

27  54 (1997) (quotation omitted).  "[T]he reference must be clear

28  and unequivocal, the reference must be called to the attention of

                                     10

1   the other party and he must consent thereto, and the terms of the

2   incorporated document must be known or easily available to the

3   contracting parties."  Id.  Accordingly, a bright-line rule such

4   as that stated in Sparks is preempted by the FAA under Concepcion

5   because it represents a stricter rule than would be applied to

6   other types of contracts.  Following Concepcion, courts must

7   conduct a case-by-case analysis, consistent with generally

8   applicable California contract law, to determine if incorporating

9   arbitration rules by reference meets the requirements of

10  California contract law based on the facts of each case.

11      The arbitration agreement in this case adopts, as a default,

12  the rules of the American Arbitration Association ("AAA").  The

13  rules are only referenced in the handbook, but not attached.

14  Alternatively, the parties are permitted by the agreement to use

15  any other mutually agreed upon set of rules.  Plaintiff does not

16  claim that the arbitration rules are obscure or difficult to

17  obtain.  Plaintiff admittedly had at least a week to review the

18  handbook and seek clarification on any terms that were confusing

19  or ask ABC for the applicable rules if she could not find them on

20  her own.  The parties are additionally allowed to choose any set

21  of rules if they mutually agree to them, the AAA rules are just a

22  default or fallback.  Finally, there is no indication that the

23  AAA rules limit available remedies or otherwise give ABC an

24  unfair advantage.  Based on the particular facts of this case,

25  ABC's failure to attach a complete set of AAA rules to the

26  handbook is not evidence of procedural unconscionability because

27  Plaintiff has not shown that it was otherwise improper for ABC to

28  incorporate the rules by reference.

1

2

iv.   <u>Agreement Discourages Administrative Remedies</u>

3

4

    Plaintiff's last argument with regard to procedural unconscionability is that the arbitration agreement misleadingly states that "neither party shall initiate or prosecute any lawsuit or administrative action in any way related to any dispute subject to arbitration."  Plaintiff claims that this provision misleads employees into believing that they do not need to administratively exhaust Title VII and California Fair Employment and Housing Act ("FEHA") claims, as required by statute, prior to requesting arbitration under the agreement. Plaintiff argues that the requirement that no claim subject to arbitration proceed through an administrative action first effectively bars employees from pursuing discrimination claims under these statutes.  ABC does not respond to this argument in its reply.

    The procedural component of unconscionability focuses on "oppression or surprise due to unequal bargaining power." <u>Armendariz</u>, 24 Cal. 4th at 114.  Under California law, "an agreement to arbitrate a statutory claim implicitly incorporates the substantive and remedial provisions of the statute so that parties to the arbitration would be able to vindicate their statutory cause of action in the arbitral forum." <u>Id.</u> at 103 (quotation omitted).  It is therefore against public policy in California for an agreement to arbitrate a statutory claim to limit available statutory remedies.  <u>Id.</u>

    The agreement at issue here does not purport to limit

12

1    statutory remedies, as it requires the arbitrator to apply

2    substantive state and federal law and award attorneys' fees if

3    appropriate.  Following the requirement that the arbitrator apply

4    substantive law, the arbitrator would also be expected to enforce

5    statutory conditions precedent to a claim, and therefore bar

6    claims where those conditions were not satisfied.  Both Title VII

7    and FEHA require an aggrieved individual to pursue an

8    administrative complaint prior to filing suit.  Jasch v. Potter,

9    302 F.3d 1092, 1094 (9th Cir. 2002) (Title VII); Romano v.

10   Rockwell Internat., Inc., 14 Cal. 4th 479, 492 (1996) (FEHA).  It

11   is therefore misleading for an arbitration agreement to prohibit

12   administrative actions when such actions are a condition

13   precedent to claims subject to arbitration.

14        It is notable that Plaintiff was not prejudiced by the

15   misleading language in the arbitration agreement.  She exhausted

16   administrative remedies and attached evidence of exhaustion to

17   her complaint.  Compl. Ex. A.  It is therefore difficult for

18   Plaintiff to argue that she was surprised by this provision.  On

19   the other hand, the "oppression" inquiry focuses on evidence of

20   "inequality of bargaining power that results in no real

21   negotiation and an absence of meaningful choice . . . ."

22   Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1280 (9th Cir. 2006)

23   (citation omitted).  The portions of the agreement that may

24   mislead an employee into believing she need not administratively

25   exhaust discrimination claims are accordingly evidence of

26   procedural unconscionability.  See Olvera v. El Pollo Loco, Inc.,

27   93 Cal. Rptr. 3d 65, 72-73 (Ct. App. 2009) (holding that a

28   misleading explanation of an adhesive employment contract was

                                  13

1    evidence of procedural unconscionability).

2        In conclusion, Plaintiff has shown that the arbitration

3    agreement between her and ABC is procedurally unconscionable

4    because it is misleading and it is a contract of adhesion that

5    was not subject to genuine negotiation.

6                b.   Substantive Unconscionability

7        Plaintiff argues that the arbitration agreement is

8    substantively unconscionable for several reasons.  She contends

9    that the agreement lacks mutuality of obligation, does not

10   provide for all types of available relief, and the agreement was

11   illusory on ABC's part.

12       An arbitration agreement is substantively unconscionable if

13   it is overly harsh or produces one-sided results.  Armendariz, 24

14   Cal. 4th at 114.  "California law requires an arbitration

15   agreement to have a 'modicum of bilaterality,' and arbitration

16   provisions that are 'unfairly one-sided' are substantively

17   unconscionable."  Nagrampa v. MailCoups, Inc., 469 F.3d 1257,

18   1281 (9th Cir. 2006) (citations omitted).

19                i.   Mutuality of Obligation

20       Plaintiff argues that the arbitration agreement lacks

21   mutuality of obligation for two reasons.  First, the types of

22   claims likely to be brought by an employee are subject to

23   arbitration while the claims likely to be brought by an employer

24   are not.  Plaintiff points out that discrimination claims and

25   violations of the California Labor Code are explicitly subject to

26   arbitration, but claims under the Uniform Trade Secrets Act are

27   exempted.  ABC responds that trade secrets claims are excluded

28   because they are likely to involve third parties who are non-

1  signatories to the arbitration agreement.  ABC also points out

2  that any claims brought by Plaintiff related to unemployment

3  insurance and workers' compensation are not subject to

4  arbitration.  Second, Plaintiff argues that ABC retained the

5  right to modify "any and all policies or practices . . . at any

6  time . . . ." in the Confirmation of Receipt.  Plaintiff argues

7  that if ABC retained the right to modify all policies related to

8  her employment, it could amend or revoke the arbitration policy

9  as it chose, making their agreement to submit to binding

10  arbitration illusory.  ABC does not respond to Plaintiff's second

11  point.

12       "Given the disadvantages that may exist for plaintiffs

13  arbitrating disputes, it is unfairly one-sided for an employer

14  with superior bargaining power to impose arbitration on the

15  employee as plaintiff but not to accept such limitations when it

16  seeks to prosecute a claim against the employee, without at least

17  some reasonable justification for such one-sidedness based on

18  'business realities.'"  Armendariz, 24 Cal. 4th at 117 (citation

19  omitted).  An employer may justify the lack of mutuality with

20  business realities, but if it cannot do so, "arbitration appears

21  less as a forum for neutral dispute resolution and more as a

22  means of maximizing employer advantage."  Id. at 118.  Where an

23  arbitration agreement only applies to employee claims, but not

24  the employer's, it is substantively unconscionable.  Ingle v.

25  Circuit City Stores, Inc., 328 F.3d 1165, 1174-75 (9th Cir.

26  2003).

27       The arbitration agreement in this case is so one-sided as to

28  be unconscionable.  ABC does not dispute that it reserved the

1    right to alter any policy at any time, rendering its own

2    agreement to submit to binding arbitration illusory.  In effect,

3    ABC can, under the terms in the Confirmation of Receipt and the

4    handbook, modify the agreement on the fly, picking and choosing

5    when the arbitration policy applies and when it does not.  Not

6    only does the arbitration agreement exempt trade secrets claims,

7    ABC can modify the agreement so it does not apply to any claim

8    brought by ABC at all.  ABC has not presented any business reason

9    that justifies its ability to modify the agreement at any time.

10    Accordingly, the arbitration agreement is substantively

11    unconscionable.

12                    ii.   Arbitration Agreement Restricts
                            Available Relief
13

14         Plaintiff argues that the arbitration agreement may restrict

15    her ability to receive attorneys' fees or other relief as

16    provided for by statute.  This argument has no merit because the

17    arbitration policy clearly states that the arbitrator will apply

18    "the substantive law (and the law of remedies, if applicable) of

19    California, or federal law, or both, as applicable to the claim

20    or claims asserted."  Waycott Decl. Ex. B.  The agreement also

21    authorizes an award of fees if the arbitrator so orders.  Id.

22    Taking these terms together, it is clear that the arbitrator is

23    required by the agreement to apply the substantive law related to

24    any claim and award fees, if appropriate, under the law.

25         In conclusion, Plaintiff has shown that the arbitration

26    agreement is procedurally unconscionable and substantively

27    unconscionable.  While the agreement is only moderately

28    procedurally unconscionable, the unilateral nature of the

                                    16

1   agreement is significantly substantively unconscionable.

2   Applying California's sliding scale test, the Court finds that

3   the unconscionable aspects of the agreement are unenforceable

4   under both the FAA and the California Arbitration Act.

5                    c.   Severability of Unconscionable Terms

6        The final issue with respect to the enforceability of the

7   arbitration clause is whether or not the offending terms can be

8   severed from the agreement, allowing the remaining terms to be

9   enforced.  The Armendariz court found that an agreement that

10  lacks mutuality such as this one cannot be enforced.  24 Cal. 4th

11  at 124-25.  The court reasoned that transforming a unilateral

12  agreement into a bilateral agreement would require reformation

13  beyond a court's power.  Id. at 125.  Accordingly, the

14  unconscionable terms of the arbitration agreement are not

15  severable, and the entire agreement is unenforceable.

16            4.   Defendant Birmingham's Joinder

17       Because the arbitration agreement between Plaintiff and ABC

18  is unenforceable, Defendant Birmingham cannot benefit from an

19  unenforceable agreement as a third party beneficiary or ABC's

20  agent.  Defendant Birmingham's joinder in ABC's petition

21  therefore fails.

22

23                           III. ORDER

24       For the foregoing reasons, ABC's Petition to Compel

25  Arbitration is DENIED.  Defendants must file their responsive

26  pleading within 20 days of this Order.

27       IT IS SO ORDERED.

28  Dated: April 25, 2013

                                    JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE

                                    1