UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSI McFARLAND,<br><br>            Plaintiff,<br><br>     v.<br><br>ALMOND BOARD OF CALIFORNIA, et al.,<br><br>            Defendants. | No.  2:12-CV-02778-JAM-CKD<br><br>**ORDER DENYING DEFENDANT'S PETITION TO COMPEL ARBITRATION** |

This matter is before the Court on Defendant Almond Board of California's ("ABC") Petition to Compel Arbitration (Doc. ## 9-10).[1] Defendant Tim Birmingham joins in ABC's Petition (Doc. # 14) (Defendants ABC and Birmingham are collectively referred to as "Defendants"). Plaintiff Susi McFarland ("Plaintiff") opposes the petition (Doc. # 17).

///

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for April 3, 2013.

1

I.   BACKGROUND

This case arises from Plaintiff's claims that ABC violated state and federal discrimination law during her employment. Plaintiff began working for ABC on August 8, 2011. On the same day, she signed a "Confirmation of Receipt." Waycott Decl. Ex. A. The Confirmation of Receipt is a one page document that refers to the ABC employee handbook and clarifies the nature of the employment relationship between Plaintiff and ABC. The Confirmation of Receipt made it clear that "any and all policies or practices [related to Plaintiff's employment could] be changed at any time by the ABC," the employment relationship was at-will, and the parties agreed to binding arbitration in accordance with the policy elucidated in the ABC employee handbook. Id.

The ABC arbitration policy requires arbitration of all claims between ABC and its employees except for claims related to 1) workers' compensation, 2) unemployment insurance, and 3) violations of trade secret laws. Id. The policy also allows for discovery, the application of substantive federal and state law, and indicates that ABC will bear the costs of arbitration. Waycott Decl. Ex. B. Both the Confirmation of Receipt and the handbook clearly state that the parties are waiving their rights to a jury trial. The handbook states that the arbitration policy is a non-negotiable condition of employment and continued employment. Id.

In the present petition, Defendants contend that this lawsuit should be stayed and referred to binding arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, and California Code of Civil Procedure § 1280, et seq. This

Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## II.   OPINION

### A.   Legal Standard

The Federal Arbitration Act specifies that arbitration provisions are valid and enforceable, representing "a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 14-46 (2011) (quotations and citations omitted).  The FAA applies to employment contracts.  Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001).  Section 4 of the FAA allows a party to an arbitration agreement to petition a district court for an order directing arbitration.  9 U.S.C. § 4.  Arbitration provisions in employment contracts must therefore be enforced according to their terms, unless a savings clause in 9 U.S.C. § 2 applies.

The savings clause in § 2 requires enforcement of arbitration agreements "save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2. The clause "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." Concepcion, 131 S. Ct. at 1746.  The California analog to the FAA, the California Arbitration Act, operates under an identical legal standard. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th

3

83, 97-98 (2000).

B. Discussion

Defendants petition the Court for an order compelling arbitration based on the arbitration agreement contained in ABC's employee handbook and Plaintiff's agreement to that provision via her signature on the Confirmation of Receipt. They argue that the arbitration agreement is valid, binding, and applicable to all of Plaintiff's claims in this suit. They additionally argue that the agreement applies to Defendant Birmingham as a non-signatory. Plaintiff concedes that she signed the Confirmation of Receipt, but she argues that the arbitration agreement is unenforceable because it is unconscionable. Plaintiff additionally argues that Defendant Birmingham cannot join in the present petition because he is not a signatory to the agreement.

1. Evidentiary Objections

ABC raises four objections (Doc. # 21) to Plaintiff's declaration (Doc. # 18) and Plaintiff opposed the objections (Doc. # 23). The Court rules as follows:

    a.    The objection to Plaintiff's statement that she did not enter into an agreement with Defendant Birmingham is overruled. The parties agree that Plaintiff did not enter into an agreement with Defendant Birmingham, but dispute whether or not he is a third party beneficiary or agent covered by the arbitration agreement. It is accordingly undisputed for purposes of this motion that Plaintiff did not enter into an agreement directly with Defendant Birmingham.

4

    b. The objection to paragraph 2 of Plaintiff's declaration on relevancy grounds is overruled.  The paragraph is based on Plaintiff's personal knowledge and details the circumstances under which she entered into an employment agreement with ABC.  The paragraph is therefore germane to the present motion.

    c. The objection to paragraph 3 of Plaintiff's declaration on relevancy grounds is overruled.  The paragraph is based on Plaintiff's personal knowledge and is relevant to the present motion because Plaintiff testifies that she did not negotiate any terms of the employment agreement with ABC.

    d. The objection to paragraph 4 of Plaintiff's declaration on relevancy grounds is overruled.  The paragraph is based on Plaintiff's personal knowledge and it is relevant to the present motion because it details the circumstances under which she signed the Confirmation of Receipt.

  2. <u>Scope of Agreement</u>

In opposition to Defendant's petition, Plaintiff appears to argue that the agreement between the parties is limited to the at-will nature of the employment contract. (Plaintiff's Opposition at p. 10)  Plaintiff's position is without merit.  Plaintiff's claim misstates the at-will employment statement.  This statement is clear on its face and is not so confusing as to cause Plaintiff to believe that she would not be bound by any other agreement.  Moreover, The Confirmation of Receipt also contains a separate reference to the arbitration agreement in all

5

capital letters just above Plaintiff's signature.  Plaintiff's acknowledgement of this separate agreement clearly undermines her contention that she did not enter into any agreement other than to be an at-will employee.

### 3. Unconscionability

Plaintiff argues that the arbitration agreement is unenforceable because it is unconscionable.  The contract law of the state in which an employee is employed determines whether an arbitration agreement is valid under the FAA.  <u>Circuit City Stores, Inc. v. Adams</u>, 279 F.3d 889, 892 (9th Cir. 2002).  In this case, Plaintiff's employment occurred solely in California.  California contract law therefore governs the unconscionability analysis for purposes of the FAA and the California Arbitration Act.  Under California contract law, any contract may be unenforceable if it is unconscionable.  <u>Armendariz v. Found. Health Psychcare Servs., Inc.</u>, 24 Cal. 4th 83, 113 (2000).  Because California's unconscionability doctrine is applicable to all contracts, an unconscionable arbitration agreement may be unenforceable under the FAA.  <u>See</u> <u>Concepcion</u>, 131 S.Ct. at 1746.  In order for a contract to be unenforceable because it is unconscionable, it must be both procedurally and substantively unconscionable.  <u>Id.</u>  The two components operate on a sliding scale where greater evidence related to procedural unconscionability lessens the need for evidence of substantive unconscionability and vice versa.  <u>Id.</u>

#### a. Procedural Unconscionability

##### i. Contract of Adhesion

Plaintiff argues that the arbitration agreement is a

1  contract of adhesion and therefore procedurally unconscionable
2  because it is a condition of continuing employment.
3      If a contract is one of adhesion, it is procedurally
4  unconscionable. Stirlen v. Supercuts, Inc., 51 Cal.App.4th 1519,
5  1533 (1997). A contract of adhesion is "a standardized contract,
6  which, imposed and drafted by the party of superior bargaining
7  strength, relegates to the subscribing party only the opportunity
8  to adhere to the contract or reject it." Graham v. Scissor-Tail,
9  Inc., 28 Cal.3d 807, 817 (1981) (quotation omitted). Employment
10 contracts entered into as a condition of employment with no room
11 for negotiation are contracts of adhesion and are therefore
12 procedurally unconscionable. Davis v. O'Melveny & Myers, 485
13 F.3d 1066, 1075 (9th Cir. 2007) (holding that a take it or leave
14 it employment contract is one of adhesion); Jones v. Humanscale
15 Corp., 29 Cal. Rptr. 3d 881, 892 (Ct. App. 2005) ("Defendant
16 prepared and submitted the agreement containing the arbitration
17 clause to plaintiff and required him to sign it as a condition of
18 his continued employment, thus rendering the agreement a contract
19 of adhesion."); Armendariz, 24 Cal. 4th at 115 ("[The contract]
20 was imposed on employees as a condition of employment and there
21 was no opportunity to negotiate.").
22     The arbitration agreement in ABC's handbook contains the
23 following language: "The Board and each of its employees agree
24 that [the arbitration agreement] is a condition of employment and
25 continued employment." Plaintiff had no opportunity to negotiate
26 this required condition of employment, and ABC had significantly
27 greater bargaining power as the employer. The arbitration
28 agreement is therefore part of a contract of adhesion and

procedurally unconscionable for that reason.

The cases relied on by Defendants do not compel a different finding. First, Defendants cite Oblix, Inc. v. Winiecki, 374 F.3d 488 (7th Cir. 2004), where the court found that a contract of adhesion was not unconscionable under California law. Id. at 492. The Oblix decision, however, is not applicable to this case because binding Ninth Circuit precedent interprets California law differently. See, e.g., Ingle v. Circuit City Stores, Inc., 328 F.3d 1165 (9th Cir. 2003). The second case cited by Defendants held that a contract of adhesion was not procedurally unconscionable in the employment context. Lagatree v. Luce, Forward, Hamilton & Scripps, 74 Cal.App.4th 1105, 1126-27 (1999). This case is unpersuasive because it predates the California Supreme Court's decision in Armendariz, and is therefore not an accurate description of California law insofar as it conflicts with Armendariz.

The United States Supreme Court's recent holding in Concepcion does not support ABC's position either. Concepcion reaffirmed that generally applicable contract defenses may be applied to invalidate an arbitration agreement. 131 S.Ct. at 1742-43. Accordingly, if California's unconscionability doctrine is generally applicable to all contracts, then it is also applicable to arbitration agreements. California law requires that the employment contract at issue, like any other contract, meet certain requirements before it is found to be a contract of adhesion. California courts merely recognize, as in Armendariz, that employment contracts tend to have similar characteristics such as unequal bargaining power between the parties and terms

1 presented on a take-it or leave-it basis.  24 Cal. 4th at 115
2 ("[T]he economic pressure exerted by employers on all but the
3 most sought-after employees may be particularly acute . . . few
4 employees are in a position to refuse a job because of an
5 arbitration requirement . . . .").  It is true that such
6 contracts are more likely to be found to be adhesive based on
7 commonly found attributes, but it is not a foregone conclusion
8 under California law that every employment contract is adhesive;
9 nor do California courts apply special rules to employment
10 related arbitration agreements that are inapplicable to contracts
11 generally.  They simply recognize that employment contracts tend
12 to have similar characteristics and apply the unconscionability
13 doctrine accordingly, which is permissible under Concepcion.

### ii. Surprise

15     Plaintiff next argues that the arbitration agreement was
16 procedurally unconscionable due to surprise because it was hidden
17 in the middle of the 88 page handbook.  The Confirmation of
18 Receipt clearly explains the essential terms of the arbitration
19 agreement and directed Plaintiff to the existence of the
20 agreement in the handbook.  The Confirmation of Receipt also
21 contains the most important terms of the arbitration agreement,
22 including the waiver of right to a jury trial, which claims are
23 included and excluded from arbitration, and that arbitration is
24 mandatory and binding.  Additionally, Plaintiff testified in her
25 declaration in opposition to this motion (Doc. # 18) that she was
26 given approximately one week to review the handbook, and that she
27 backdated the Confirmation of Receipt at the request of the ABC
28 Human Resources Director.

Plaintiff relies on Kinney v. United Healthcare Services, Inc. to support her position, but that case is inapplicable to these facts. 70 Cal.App.4th 1322 (1999). In Kinney, the employer gave the employee a lengthy handbook and asked her to sign a confirmation form that did not contain the essential terms of the arbitration agreement the same day. Id. at 1330. In the present case, Plaintiff testifies that she was given a week to review the handbook and signed a Confirmation of Receipt that clearly gave notice of the arbitration agreement. Accordingly, the arbitration agreement between ABC and Plaintiff was not procedurally unconscionable due to surprise.

### iii. Failure to Attach Arbitration Rules

Plaintiff argues that the arbitration agreement referenced but did not attach a copy of the rules applicable to arbitration agreements, evidencing procedural unconscionability. ABC responds that contracts commonly incorporate terms by reference, and any rule prohibiting the practice for arbitration agreements but not other contracts is preempted by the FAA and the holding in Concepcion.

The case cited by Plaintiff, Sparks v. Vista Del Mar Child & Family Servs., 207 Cal.App.4th 1511, 1523 (2012), stands for the proposition that "the failure to provide a copy of the arbitration rules to which the employee would be bound" is evidence of procedural unconscionability. Incorporation by reference, however, is generally acceptable under California law. Shaw v. Regents of University of California, 58 Cal.App.4th 44, 54 (1997) (quotation omitted). "[T]he reference must be clear and unequivocal, the reference must be called to the attention of

10

the other party and he must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties." Id.  Accordingly, a bright-line rule such as that stated in Sparks is preempted by the FAA under Concepcion because it represents a stricter rule than would be applied to other types of contracts.  Following Concepcion, courts must conduct a case-by-case analysis, consistent with generally applicable California contract law, to determine if incorporating arbitration rules by reference meets the requirements of California contract law based on the facts of each case.

   The arbitration agreement in this case adopts, as a default, the rules of the American Arbitration Association ("AAA").  The rules are only referenced in the handbook, but not attached. Alternatively, the parties are permitted by the agreement to use any other mutually agreed upon set of rules.  Plaintiff does not claim that the arbitration rules are obscure or difficult to obtain.  Plaintiff admittedly had at least a week to review the handbook and seek clarification on any terms that were confusing or ask ABC for the applicable rules if she could not find them on her own.  The parties are additionally allowed to choose any set of rules if they mutually agree to them, the AAA rules are just a default or fallback.  Finally, there is no indication that the AAA rules limit available remedies or otherwise give ABC an unfair advantage.  Based on the particular facts of this case, ABC's failure to attach a complete set of AAA rules to the handbook is not evidence of procedural unconscionability because Plaintiff has not shown that it was otherwise improper for ABC to incorporate the rules by reference.

                iv.   <u>Agreement Discourages Administrative Remedies</u>

Plaintiff's last argument with regard to procedural unconscionability is that the arbitration agreement misleadingly states that "neither party shall initiate or prosecute any lawsuit or administrative action in any way related to any dispute subject to arbitration." Plaintiff claims that this provision misleads employees into believing that they do not need to administratively exhaust Title VII and California Fair Employment and Housing Act ("FEHA") claims, as required by statute, prior to requesting arbitration under the agreement. Plaintiff argues that the requirement that no claim subject to arbitration proceed through an administrative action first effectively bars employees from pursuing discrimination claims under these statutes. ABC does not respond to this argument in its reply.

The procedural component of unconscionability focuses on "oppression or surprise due to unequal bargaining power." <u>Armendariz</u>, 24 Cal. 4th at 114. Under California law, "an agreement to arbitrate a statutory claim implicitly incorporates the substantive and remedial provisions of the statute so that parties to the arbitration would be able to vindicate their statutory cause of action in the arbitral forum." <u>Id.</u> at 103 (quotation omitted). It is therefore against public policy in California for an agreement to arbitrate a statutory claim to limit available statutory remedies. <u>Id.</u>

The agreement at issue here does not purport to limit

1  statutory remedies, as it requires the arbitrator to apply
2  substantive state and federal law and award attorneys' fees if
3  appropriate.  Following the requirement that the arbitrator apply
4  substantive law, the arbitrator would also be expected to enforce
5  statutory conditions precedent to a claim, and therefore bar
6  claims where those conditions were not satisfied.  Both Title VII
7  and FEHA require an aggrieved individual to pursue an
8  administrative complaint prior to filing suit.  Jasch v. Potter,
9  302 F.3d 1092, 1094 (9th Cir. 2002) (Title VII); Romano v.
10 Rockwell Internat., Inc., 14 Cal. 4th 479, 492 (1996) (FEHA).  It
11 is therefore misleading for an arbitration agreement to prohibit
12 administrative actions when such actions are a condition
13 precedent to claims subject to arbitration.
14      It is notable that Plaintiff was not prejudiced by the
15 misleading language in the arbitration agreement.  She exhausted
16 administrative remedies and attached evidence of exhaustion to
17 her complaint.  Compl. Ex. A.  It is therefore difficult for
18 Plaintiff to argue that she was surprised by this provision.  On
19 the other hand, the "oppression" inquiry focuses on evidence of
20 "inequality of bargaining power that results in no real
21 negotiation and an absence of meaningful choice . . . ."
22 Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1280 (9th Cir. 2006)
23 (citation omitted).  The portions of the agreement that may
24 mislead an employee into believing she need not administratively
25 exhaust discrimination claims are accordingly evidence of
26 procedural unconscionability.  See Olvera v. El Pollo Loco, Inc.,
27 93 Cal. Rptr. 3d 65, 72-73 (Ct. App. 2009) (holding that a
28 misleading explanation of an adhesive employment contract was

1  evidence of procedural unconscionability).

2      In conclusion, Plaintiff has shown that the arbitration
3  agreement between her and ABC is procedurally unconscionable
4  because it is misleading and it is a contract of adhesion that
5  was not subject to genuine negotiation.

6                  b.   <u>Substantive Unconscionability</u>

7      Plaintiff argues that the arbitration agreement is
8  substantively unconscionable for several reasons. She contends
9  that the agreement lacks mutuality of obligation, does not
10 provide for all types of available relief, and the agreement was
11 illusory on ABC's part.

12     An arbitration agreement is substantively unconscionable if
13 it is overly harsh or produces one-sided results. <u>Armendariz</u>, 24
14 Cal. 4th at 114. "California law requires an arbitration
15 agreement to have a 'modicum of bilaterality,' and arbitration
16 provisions that are 'unfairly one-sided' are substantively
17 unconscionable." <u>Nagrampa v. MailCoups, Inc.</u>, 469 F.3d 1257,
18 1281 (9th Cir. 2006) (citations omitted).

19                 i.   <u>Mutuality of Obligation</u>

20     Plaintiff argues that the arbitration agreement lacks
21 mutuality of obligation for two reasons. First, the types of
22 claims likely to be brought by an employee are subject to
23 arbitration while the claims likely to be brought by an employer
24 are not. Plaintiff points out that discrimination claims and
25 violations of the California Labor Code are explicitly subject to
26 arbitration, but claims under the Uniform Trade Secrets Act are
27 exempted. ABC responds that trade secrets claims are excluded
28 because they are likely to involve third parties who are non-

14

1 signatories to the arbitration agreement.  ABC also points out
2 that any claims brought by Plaintiff related to unemployment
3 insurance and workers' compensation are not subject to
4 arbitration.  Second, Plaintiff argues that ABC retained the
5 right to modify "any and all policies or practices . . . at any
6 time . . . ." in the Confirmation of Receipt.  Plaintiff argues
7 that if ABC retained the right to modify all policies related to
8 her employment, it could amend or revoke the arbitration policy
9 as it chose, making their agreement to submit to binding
10 arbitration illusory.  ABC does not respond to Plaintiff's second
11 point.

12     "Given the disadvantages that may exist for plaintiffs
13 arbitrating disputes, it is unfairly one-sided for an employer
14 with superior bargaining power to impose arbitration on the
15 employee as plaintiff but not to accept such limitations when it
16 seeks to prosecute a claim against the employee, without at least
17 some reasonable justification for such one-sidedness based on
18 'business realities.'"  Armendariz, 24 Cal. 4th at 117 (citation
19 omitted).  An employer may justify the lack of mutuality with
20 business realities, but if it cannot do so, "arbitration appears
21 less as a forum for neutral dispute resolution and more as a
22 means of maximizing employer advantage."  Id. at 118.  Where an
23 arbitration agreement only applies to employee claims, but not
24 the employer's, it is substantively unconscionable.  Ingle v.
25 Circuit City Stores, Inc., 328 F.3d 1165, 1174-75 (9th Cir.
26 2003).

27     The arbitration agreement in this case is so one-sided as to
28 be unconscionable.  ABC does not dispute that it reserved the

right to alter any policy at any time, rendering its own agreement to submit to binding arbitration illusory.  In effect, ABC can, under the terms in the Confirmation of Receipt and the handbook, modify the agreement on the fly, picking and choosing when the arbitration policy applies and when it does not.  Not only does the arbitration agreement exempt trade secrets claims, ABC can modify the agreement so it does not apply to any claim brought by ABC at all.  ABC has not presented any business reason that justifies its ability to modify the agreement at any time.  Accordingly, the arbitration agreement is substantively unconscionable.

            ii.    <u>Arbitration Agreement Restricts Available Relief</u>

    Plaintiff argues that the arbitration agreement may restrict her ability to receive attorneys' fees or other relief as provided for by statute.  This argument has no merit because the arbitration policy clearly states that the arbitrator will apply "the substantive law (and the law of remedies, if applicable) of California, or federal law, or both, as applicable to the claim or claims asserted."  Waycott Decl. Ex. B.  The agreement also authorizes an award of fees if the arbitrator so orders.  <u>Id.</u>  Taking these terms together, it is clear that the arbitrator is required by the agreement to apply the substantive law related to any claim and award fees, if appropriate, under the law.

    In conclusion, Plaintiff has shown that the arbitration agreement is procedurally unconscionable and substantively unconscionable.  While the agreement is only moderately procedurally unconscionable, the unilateral nature of the

16

agreement is significantly substantively unconscionable. Applying California's sliding scale test, the Court finds that the unconscionable aspects of the agreement are unenforceable under both the FAA and the California Arbitration Act.

### c. Severability of Unconscionable Terms

The final issue with respect to the enforceability of the arbitration clause is whether or not the offending terms can be severed from the agreement, allowing the remaining terms to be enforced. The Armendariz court found that an agreement that lacks mutuality such as this one cannot be enforced. 24 Cal. 4th at 124-25. The court reasoned that transforming a unilateral agreement into a bilateral agreement would require reformation beyond a court's power. Id. at 125. Accordingly, the unconscionable terms of the arbitration agreement are not severable, and the entire agreement is unenforceable.

### 4. Defendant Birmingham's Joinder

Because the arbitration agreement between Plaintiff and ABC is unenforceable, Defendant Birmingham cannot benefit from an unenforceable agreement as a third party beneficiary or ABC's agent. Defendant Birmingham's joinder in ABC's petition therefore fails.

### III. ORDER

For the foregoing reasons, ABC's Petition to Compel Arbitration is DENIED. Defendants must file their responsive pleading within 20 days of this Order.

IT IS SO ORDERED.

Dated: April 25, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE