```
ATKINSON, ANDELSON, LOYA, RUUD & ROMO
Howard A. Sagaser      State Bar No. 72492
HSagaser@aalrr.com
Marcia A. Ross         State Bar No. 160489
MRoss @aalrr.com
Ian B. Wieland         State Bar No. 285721
IWieland@aalrr.com
5260 North Palm Avenue, Suite 300
Fresno, California 93704-2215
Telephone:  (559) 225-6700
Facsimile:  (559) 225-3416

Attorneys for Defendant
ALMOND BOARD OF CALIFORNIA
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| SUSI McFARLAND,<br><br>   Plaintiff,<br><br>v.<br><br>ALMOND BOARD OF CALIFORNIA; TIM BIRMINGHAM, an individual, and DOES 1-100, inclusive,<br><br>   Defendants. | Case No.   2:12-CV-02778-JAM-CKD<br><br>**STIPULATED PROTECTIVE ORDER** |

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

///

2.   DEFINITIONS

   2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things. testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under California Law.

   2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

   2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

   2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

   2.7   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

   2.8   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

   2.9.   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

   2.10   House Counsel: attorneys who are employees of a Party.

   2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs and contractors).

   2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g.. photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to on settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a judge order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must

clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party designating the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may take up to 20 days after the date the Party or non-party receives a copy of the deposition transcript or other transcript from the court reporter to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days after the date the party receives a copy of the deposition transcript or other transcript from the court reporter shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty making the confidentiality designation.

(c)  for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the

extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.3    Inadvertent Failures to Designate.  If timely conceded, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential Attorneys' Eyes Only" after the material was initially produced the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion with the Court that identifies the challenged material and sets forth in detail the basis for the challenge, in compliance with the requirements for such motion under Federal Rule of Civil

Procedure 7(a) and Eastern District Local Rule 230, which is based on Federal Rule of Civil Procedure 78.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1   Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may he disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2   Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

   (a)   the Receiving Party's Outside Counsel of record in this action, as well as employees and agents of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b)   the parties to this action;

   (c)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (d)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (e)   the Court and its personnel;

   (f)   those present during the trial of this matter, including all pre-trial and motion hearings, and during presentation/argument of this evidence unless the Court orders otherwise;

(g)   Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(h)   deponents and/or witnesses to whom counsel for the parties believe in good faith it is necessary, for assistance in their representation in the above-captioned matter, to disclose specific documents, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); provided, however, that this execution requirement is waived where an individual is given Confidential Information in the presence of opposing counsel on the record while testifying as a deponent or in a court of law, so long as the Confidential Information is not retained by the individual after such testimony.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must he separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)   the author of the document or the original source of the information; and

(j)   any other person as to whom the parties in writing agree.

7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS` EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees and agents of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the parties to this action;

(c)   House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(e) the Court and its personnel;

(f) those present during the trial of this matter, including all pre-trial and motion hearings, and during presentation/argument of this evidence unless the Court orders otherwise;

(g) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(h) deponents and/or witnesses to whom counsel for the parties believe in good faith it is necessary, for assistance in their representation in the above-captioned matter, to disclose specific documents, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); provided, however, that this execution requirement is waived where an individual is given Confidential Information in the presence of opposing counsel on the record while testifying as a deponent or in a court of law, so long as the Confidential Information is not retained by the individual after such testimony;

(i) the author of the document or the original source of the information; and

(j) any other person as to whom the parties in writing agree.

7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to "Experts."</u>

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must make a written communication to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks to disclose to the Expert, and (2) sets forth the full name of the Expert and the city and state of his or her primary residence.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert

unless, within seven (7) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure may disclose the subject Protected Material to the identified Expert unless, within ten (10) calendar days of sending a written objection to the disclosure, the Designating Party file a motion with the Court seeking to prevent the disclosure to the identified expert. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the requested disclosure to the Expert should not be permitted, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." The Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The purpose of imposing these duties is to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court in which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL

All Confidential Information filed with the Court, and any pleadings, motions or other papers disclosing any Confidential Information shall be filed or lodged under seal pursuant to Eastern District Local Rule 141. Only portions of filings with the Court containing Confidential Information need be filed under seal. The parties agree to cooperate with each other in a good faith attempt to file the Confidential Information under seal, but will not be precluded from filing documents containing Confidential Information in the ordinary course after a good faith effort to file the document under seal is denied by the Court. To the extent that filing under seal is not permitted by the Court, no party will file any Confidential Information with the Court without providing at least 5 days advance notice to the other parties.

11. FINAL DISPOSITION

Within 75 days of termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as Confidential Information and all copies of same in their possession or the possession of their employees and/or agents, as well as all documents created, produced, reproduced, and any notes, transcripts or other written documents derived from Confidential Documents or containing information derived from such Confidential Documents, or shall certify the destruction thereof. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers,

transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or to compel discovery or seek sanctions from the Court.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any- ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 14, 2013                ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/
Howard A. Sagaser
Marcia A. Ross
Attorneys for Defendant
ALMOND BOARD OF CALIFORNIA

Dated: May 14, 2013                PROUT - LEVANGIE

By: /s/
Michael Baytosh
Attorneys for Defendant
TIM BIRMINGHAM

Dated: May 15, 2013                SHIMODA LAW CORPORATION

By: /s/
Galen T. Shimoda
Attorneys for Plaintiff
SUSI McFARLAND

1  Based on the above stipualtion of the parties, and for good cause shown,
2  IT IS SO ORDERED.
3
4  Dated: May 15, 2013

                                    /s/ John A. Mendez
5                                         UNITED STATES DISTRICT COURT JUDGE

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Eastern District of the State of California on _____, 2013 in the case of *Susi McFarland v. Almond Board Of California; et al.*, Case No. 2:12-CV-02778-JAM-CKD. I agree to comply with and to be bound by all terms of this Stipulated Protective Order unless and until modified by further Order of the Court or agreement of the parties may result in an award of sanctions.

I further agree to submit to the jurisdiction of the United States District Court, Eastern District of the State of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed Name: _____

Signature: _____

ATKINSON, ANDELSON, LOYA, RUUD &
5260 NORTH PALM AVENUE, SUITE 300
FRESNO, CALIFORNIA 93704-2215
TELEPHONE: (559) 225-6700
ATT A PROF LA CORP

011229.00014
11247172.1